George T. Waddoups, # 3965
Riley T. Waddoups, #12267
Bryce W. Kartchner, #14381
ROBERT J. DEBRY AND ASSOCIATES
4252 South 700 East
Salt Lake City, Utah 84107
Telephone: (801)262-8915
gwaddoups@robertdebry.com
rwaddoups@robertdebry.com
bkartchner@robertdebry.com
Attorneys for Baljinder Bhangal

Albert W. Gray, # 6095
SMITH AND GLAUSER, P.C.
1218 East 7800 South, Ste 300
Sandy, Utah 84094
Telephone: (801)-562-5555
awg@smithglauser.com
Attorney for Defendant Baljinder Bhangal

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC., a Vermont Corporation,<br><br>Plaintiff,<br>v.<br><br>BALJINDER BHANGAL, DEVINDER S. CHAHIL, A GROUP, INC.,<br><br>Defendants. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS FOR FAILURE TO STATE A CLAIM UPON ABSTENTION DOCTRINES, AND FOR LACK OF JURISDICTION (ORAL ARGUMENT REQUESTED)**<br><br>Civil No. 2:14cv168<br><br>Judge Evelyn J. Furse |

Pursuant to the Federal Rules of Civil Procedure, Rules 7, 12, and 41, Defendant Baljinder Bhangal (hereinafter "Defendant Bhangal") moves this Court to deny Plaintiff OOIDA Risk Retention Group, Inc.'s (hereinafter "Plaintiff OOIDA") *Motion to Dismiss, or, in the alternative, Stay Proceedings for Failure to State a Claim, Upon Abstention Doctrines and for Lack of Jurisdiction*. Plaintiff OOIDA should not be permitted to raise these arguments as Defendant Chahil, a key defendant in the present case, has yet to be served in this case and has not received notice of this *Motion to Dismiss* proceeding.

Further, Plaintiff OOIDA's attacks on Defendant Bhangal's counterclaims fail. Plaintiff OOIDA argues that Defendant Bhangal's counterclaims are barred by claim preclusion. But the elements of claim preclusion are not met. Defendant Bhangal's First Counterclaim regarding Plaintiff OOIDA's duty to defendant does not meet the elements for claim preclusion or other similar doctrines as it has not been brought before this Court. Defendant Bhangal's second and third counterclaims do not meet the elements of claim preclusion and should not be dismissed through any other doctrine as facts have arisen supporting the raising of this claim before this Court, namely the efforts of Plaintiff OOIDA to deny coverage from Defendant Bhangal individually.

Plaintiff OOIDA asserts that Defendant Bhangal's Counterclaims are supported by law and should not be dismissed for failing to state a claim upon which relief can be granted pursuant to the Federal Rules of Civil Procedure, Rule 12. Plaintiff OOIDA attacks Defendant Bhangal's ability to bring a counterclaim. Yet, Plaintiff OOIDA ignores the fact that because it has joined

Defendant Bhangal, and because that joinder appears to be proper, Defendant Bhangal is necessarily allowed to assert counterclaims.

Next, Plaintiff OOIDA argues that this Court should abstain from exercising its jurisdiction under the *Younger* and *Colorado River* doctrines. But the United States Supreme Court recently affirmed that these doctrines are extremely narrow. They do not apply here.

Finally, Defendant Bhangal asserts that Plaintiff OOIDA filed its *Complaint* in Federal District Court in an effort to forum shop[1] since Defendant Bhangal already filed his own request for a Declaratory Judgment in State Court. *Defendant Bhangal's Complaint*, ¶ 45 (attached as Ex. A). Defendant Bhangal asserts that his own request for a declaratory judgment in State Court has not been litigated, discussed, or ruled upon on the merits as Defendant Bhangal's request was dismissed in State Court before discovery had commenced. Defendant Bhangal asserts that this Court should deny the *Motion to Dismiss* and refer the entire case back to State Court where all claims involving this matter, including Defendant Bhangal's personal injury claims, can be heard before one court. As is, Plaintiff OOIDA has cleverly attempted to split the action between two courts, which works against judicial economy and common sense.

## FACTS

1.  Defendant Bhangal entered into an insurance contract with Plaintiff OOIDA for insurance coverage relating to his commercial driving activities on January 17, 2012, with

---

[1] Plaintiff OOIDA represented to Judge Lyman that it had to file its declaratory action in Federal Court because of the Collateral Source Doctrine. *Transcript of Motion Hearing on 06/09/14*, 19-20 (attached as Ex. B). The Collateral Source Doctrine is not relevant or a justification to forum shop.

"Baljinder Bhangal" and "A Group, Inc." listed as the insured. *Insurance Contract,* 1 (attached as Ex. C).

2. There exists diversity of jurisdiction in the present matter, and the amount of controversy regarding Defendant Bhangal's counterclaims exceed $75,000.00.

3. On June 2, 2012, Defendant Bhangal was injured while he was off-duty pursuant to the Federal Motor Carrier Safety Regulations adopted by the State of Utah and was asleep in the sleeping berth of the 2007 white Volvo semi-tractor involved in the accident. Defendant Bhangal sustained injuries to his body, including his left leg, which was amputated.

4. At the time of the accident, Mr. Devinder S. Chahil (hereinafter "Defendant Chahil") was operating the 2007 Volvo semi-tractor trailer southbound on I-15 near Beaver, Utah.

5. Defendant Chahil lost control of the semi-tractor trailer and as a consequence, overturned the semi-tractor trailer, ejecting Defendant Bhangal from the vehicle, which caused Defendant Bhangal serious injury.

6. The Worker's Compensation did not provide Defendant Bhangal benefits.

7. Defendant A Group, Inc., Defendant Chahil, and Defendant Bhangal were insured by Plaintiff OOIDA at the time of the accident on June 3, 2012, which accident caused Defendant Bhangal's injuries in question. *Insurance contract,* 1 (attached as Ex. C).

8. Defendant Bhangal filed a *Complaint* in the Fifth Judicial Court of Beaver, Utah, Case No. 130500016, against Defendant Chahil, A Group, Inc., and Plaintiff OOIDA. *Defendant Bhangal's Complaint,* 1 (attached as Ex. A).

9. On June 9, 2014, Defendant Bhangal and Plaintiff OOIDA argued Plaintiff OOIDA's *Motion to Dismiss and Stay Proceedings* before the Fifth Judicial District Court of the State of Utah with the Honorable Judge Lyman. *Transcript of Hearing on 06/09/14*, 1 (attached as Ex. B).

10. At no time before or during those proceedings did Plaintiff OOIDA provide Defendant Chahil or Defendant A Group, Inc., legal counsel. In addition, neither Defendant Chahil nor Defendant A Group were provided service or notice of any State Court proceeding.

11. To Defendant Bhangal's knowledge, Plaintiff OOIDA has not provided Defendant Chahil, a key party in this case, service of the present action or notice of the *Motion to Dismiss* proceedings before this Court.

12. To Defendant Bhangal's knowledge, Plaintiff OOIDA has not provided legal counsel to Defendant Chahil in the present litigation before this Court.

13. To Defendant Bhangal's knowledge, Plaintiff OOIDA has no intention of providing Defendant Chahil a legal defense until the present matter before this Court has been decided.

14. Defendant Bhangal filed and *Answer to Complaint* before this Court on 9/23/14. *Answer to Complaint*, 1 (attached as Ex. D). Defendant Bhangal's First Counterclaim addresses Plaintiff OOIDA's duty to defend in Federal Court. *Id.* at 9. Defendant Bhangal's Second and Third Counterclaims address Plaintiff OOIDA's breach of implied covenant of good faith and fair dealings and conspiracy to deny Defendant Bhangal's claims owed him under the insurance contract. *Id.* at 10-13.

5

## ARGUMENTS

I. **CLAIM PRECLUSION AND THE *YOUNGER* AND *COLORADO RIVER* DOCTRINES DO NOT BAR DEFENDANT BHANGAL'S PRESENT COUNTERCLAIMS AGAINT PLAINTIFF OOIDA AS THE FIRST COUNTERCLAIM HAS YET TO BE RAISED AND NEW FACTS HAVE ARRISEN VALIDATING THE SECOND AND THIRD COUNTERCLAIMS.**

Plaintiff OOIDA argues that Defendant Bhangal's counterclaims should be dismissed on the basis of claim preclusion. Plaintiff OOIDA misconstrues and misapplies the doctrine of claim preclusion. By contract, the elements of claim preclusion are not met here.

The doctrine of res judicata includes two different forms of preclusion, claim preclusion and issue preclusion. *Macris & Associates, Inc. v. Neways, Inc.*, 2000 UT 93, ¶19, 16 P.3d 1214. "Claim preclusion corresponds to causes of action . . . [I]ssue preclusion corresponds to the facts and issues underlying causes of action." *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶31, 194 P.3d 956. Claim preclusion is based upon the principle that a claim should only be adjudicated once. *Nebeker v. State Tax Comm'n*, 2001 UT 74, ¶23, 34 P.3d 180 (internal quotes omitted). Claim preclusion applies after three elements are satisfied;

> (1) [B]oth suits must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could or should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits.

*Moss v. Parr Waddoups Gee Brown and Loveless*, 2012 UT 42, ¶21, 285 P.3d 1157; *Peterson v. Armstrong*, 2014 WL 5305973, 3 (Utah App. 2014). The Federal and Utah Rules of Civil Procedure, Rule 54(b), identify that "the court may direct entry of a final judgment as to one or

more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." U.R.C.P., Rule 54(b); *accord* Fed. R. Civ. P. 54(b). Regarding Plaintiff's Counterclaims, there is no final judgment, not all parties are dismissed, there is only a stay and a dismissal of part the action in State Court, Judge Lyman identified that Defendant Bhangal could raise claims against Plaintiff OOIDA again if "additional facts arise," and there is no final judgment per Rule 54 of the Federal Rules of Civil Procedure. *See Order of July 10, 2014*, 2 (attached as Ex. E).

### A. Plaintiff OOIDA Has a Duty to Defend Defendant Chahil in the Present Matter before this Court, which Claim was not Previously Heard or Addressed by the Fifth Judicial District Court in Beaver and does not Meet the Elements Necessary for Claims Preclusion.

Defendant Bhangal's First Counterclaim, found in his *Answer* before this Court, addresses Plaintiff OOIDA's duty to defend Defendant Chahil specifically within these proceedings. *See Answer to Complaint*, 9-10 (attached as Ex. D). Plaintiff OOIDA does not address the First Counterclaim in its *Motion to Dismiss*, and Defendant Bhangal assumes that this Counterclaim is not in dispute within the *Motion to Dismiss*.

Moreover, the second element of claims preclusion is not met. Paragraph 18 of the *Answer* states that "Counterclaim Defendant OOIDA has breached its duty to defend Counterclaim Defendant Chahil by not providing him counsel in *this proceeding* before the Court." *Id.*(emphasis added).

As such, Plaintiff Bhangal's First Counterclaim within the *Answer* does not meet the second element of claim preclusion as it applies specifically to Plaintiff OOIDA's duty to defend

in the present action, not the action in the 5th District Court of Utah. Therefore, claim preclusion should not bar Defendant Bhangal's First Counterclaim found within the *Answer* as the issue has not been heard and no ruling from this Court has been made regarding the duty to defend. Also, Defendant Bhangal petitions an injunction of this Court providing that Plaintiff OOIDA be ordered to abide by its duty to defend in providing legal counsel to Defendant Chahil in the present declaratory judgment action.

**B.     Defendant Bhangal's Counterclaims Against Plaintiff OOIDA do not Meet the Criteria for Claims Preclusion as no Final Order has been Reached on the Merits of these Counterclaims.**

Defendant Bhangal's Counterclaims should not be barred by claims preclusion as no final order on the merits has been reached regarding the Counterclaims. The third element of claim preclusion identifies that a final order or judgment "must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case" *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 (internal citation omitted). To be a final judgment, the order "must end the controversy between the litigants." *Loffredo v. Holt*, 2001 UT 97 ¶ 12, 37 P.3d 1070: *Miller v. USAA Casualty Insurance Co.*, 2002 UT 6 ¶ 23, 44 P.3d 663. Under Rule 54(b) of the Utah and Federal Rules of Civil Procedure, where multiple claims for relief are presented in a case, the court may enter a final judgment as to one or more of the claims, but not to all of the claims, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." U.R.C.P., Rule 54(b); *accord* Fed. R. Civ. P. 54(b). Such a certification for a final judgment is at the discretion of the court. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-436, 76 S.Ct. 895, 899 - 900 (U.S. 1956).

In the present situation, Judge Lyman did not dismiss all claims within the State Court action, so Rule 54(b) applies. *See Order of July 10, 2014*, 2 (attached as Ex. E). Therefore, he must make an express determination that there is no just reason for delay and issue a final judgment for the purposes of Rule 54(b) if the order is to be final for claims preclusion. No parties have filed a 54(b) motion for a final judgment on the merits. *Id.* Also, Judge Lyman did not dismiss any of Defendant Bhangal's claims with prejudice, the State Court *Order* did not contain any language identifying that it was a final judgment, and the *Order* did not address whether there was just reason for delay. *Id.* To the contrary, the *Order* contained active language identifying that all dismissed claims could be raised against OOIDA at a later time "if appropriate facts arise." *Id.* As such, the *Order* in State Court was not final for the purposes of claims preclusion.

In addition to this Rule 54(b) analysis, Judge Lyman's *Order* specifically permits that Defendant Bhangal's claims against OOIDA could be raised again "if the appropriate facts arise," which language preserved the claims against OOIDA to be raised before this Court. *See Order of July 10, 2014*, 2 (attached as Ex. E). The "appropriate facts" have arisen as Defendant Bhangal is now a named defendant in the present matter, giving him first party status to raise claims directly against Plaintiff OOIDA. Plaintiff OOIDA, in the present case before this Court, is attempting to remove coverage from Defendant Bhangal. *Mot. to Dismiss or, in the alternative, State Proceedings for Failure to State a Claim upon Abstention Doctrines, and for Lack of Jurisdiction*, 8-10. In this regard, Defendant Bhangal is a first party litigant. First party litigants involved in an insurance dispute, may raise claims against the insurance companies

directly, which point is undisputed in the present case. *See Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 800 (Utah 1985); *Mot. to dismiss or, in the Alternative, Stay Proceedings for Failure to State a Claim, Upon Abstention Doctrines, and for Lack of Jurisdiction*, 8-10. Thus, the third element of claims preclusion regarding a final judgment on the merits is not met regarding all of Defendant Bhangal's Counterclaims and they should not be barred by claim preclusion.

### C. The *Younger* and *Colorado River* Abstention Doctrines Do Not Apply

Plaintiff OOIDA overstates the scope of the *Younger* and *Colorado River* abstention doctrines, and fails to refer this Court to the most recent United States Supreme Court case narrowing their scope. First, the abstention doctrine defined by *Younger v. Harris*, 401 U.S. 37 (1971) precludes federal courts from exercising their jurisdiction in certain cases. Only last year, the United States Supreme Court "clarif[ied] and affirm[ed] that *Younger* extends to the three 'exceptional circumstances' . . . but no further." *Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 587 (2013). Under *Sprint*, the *Younger* doctrine precludes federal intrusion into three situations: (i) "ongoing state criminal prosecutions," (ii) "certain civil enforcement proceedings," and "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 586.

Defendant Bhangal's counterclaims do not violate the *Younger* Doctrine as Judge Lyman in State Court clearly identified that Defendant Bhangal may raise claims against OOIDA "if appropriate facts arise" at a later time. The personal injury claims against Defendant Chahil and Defendant A Group are stayed in State Court. *Id.* The Second and Third Counterclaims directly apply in the present matter as Plaintiff OOIDA is suing Defendant Bhangal directly with the goal

to remove his insurance coverage. Thus, the Second and Third Counterclaims against OOIDA before this Court would not interfere with the State Court determinations regarding the personal injury claims against Defendant Chahil and A Group. As such, this Court can hear the claims against Plaintiff OOIDA without impacting the separate personal injury claims not involving Plaintiff OOIDA directly. The Younger doctrine does not bar this Court from hearing this claim.

Similarly, the *Colorado River* Abstention Doctrine is very limited in its scope and does not apply in the present matter regarding Defendant Bhangal's Counterclaims. Within the *Colorado River* case, the Court identified that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Colorado River v. U.S.*, 424 U.S. 800, 813-17, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Later courts have identified that the doctrine should only be used in "exceptional circumstances where the order to the parties to repair through the State court would clearly serve an important countervailing interest." *Moses H. Cohn Memorial Hospital v. Mercury Construction*, 460 U.S. 1, 14, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).

Defendant Bhangal's claims against Plaintiff OOIDA in State Court and his Counterclaims against Plaintiff OOIDA in Federal Court are not parallel claims as Defendant Bhangal's position has changed within the two cases substantially. In State Court, Plaintiff Bhangal has personal injury claims against Defendant A Group, Inc and Defendant Chahil. In the present action, Plaintiff OOIDA is actively trying to remove Defendant Bhangal's coverage since Defendant Bhangal is a party to the insurance contract. *Insurance Contract,* 1 (attached as Ex. C). It was Plaintiff OOIDA that was forum shopping as Plaintiff OOIDA's claims before this Court could have been made in State Court. As such, applying a *Colorado River* abstention

would not benefit the judicial economy of the case; it would only prejudice Defendant Bhangal in denying him his day in court regarding these Counterclaims.

## II. DEFENDANT BHANGAL'S COUNTERCLAIMS WITHIN HIS ANSWER ARE SUPPORTED BY LAW AND SHOULD NOT BE DISMISSED.

### A. Plaintiff OOIDA Has a Duty to Defend Defendant Chahil, and the Failure of Plaintiff OOIDA to do so Negatively Prejudices Defendant Bhangal.

Utah, California, and Federal law supports that Plaintiff OOIDA has a duty to defend Defendant Chahil in the present matter before this Court. Utah law determines that an insurer has a duty to defend an insured, which "duty to defend arises solely under [the terms of the] contract". *Fire Ins. Exch. v. Estate of Therkelsen,* 2001 UT 48, ¶22, 27 P.3d 555 "(*quoting Sharon Steel Corp. v. Aetna Casualty and Surety. Co.*, 931 P.2d 127, 141 (Utah 1997))". An insurer's duty to defend arises whenever "the insurer ascertains facts giving rise to potential liability under the insured's policy." *Sharon Steel*, 931 P.2d at 133; *see also Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶16, 140 P.3d 1210. "When factual questions render coverage uncertain . . . the insurer must defend until those uncertainties can be resolved against coverage." *Id.* at ¶22. The Utah Supreme Court in the *Benjamin* matter stated "when in doubt, defend." *Id.* California law also provides that insurers may have a duty to defend an insured before liability is assigned when it is determined a claim may fall within policy coverage, which law is very similar to that of Utah. *Baek v. Continental Casualty Company*, 178 Cal. Rptr. 3d 622, 629 (Cal. App. 2014). California law identifies as follows:

> "the carrier must defend a suit which potentially seeks damages within the coverage of the policy . . . [a]n insurer may owe a duty to defend its insured in an action in which no damages ultimately are awarded . . . the

>   insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot."

*Id.*

In the *In re Baird* case, the Tenth Circuit Court stated that an insurer has a duty to defend when a suit is filed and before liability is determined. *In re Baird*, 567 F.3d 1207, 1214 (10th Cir. 2009). The Court identified as follows:

>   Moreover, after suit has been filed, the insurance company has a duty to defend, which is an important feature of the insurance contract. Even if no liability is ultimately imposed, the costs of the legal defense are, in every realistic sense, a "loss". Finally, in a formal sense, makes sense to distinguish between when the loss occurred and when liability is determined. Even though we do not know, in this case *if* ultimate liability will ever be imposed because we do not know whether Dr. Baird actually committed malpractice, we do know that if liability is imposed, the moment it fixed was the moment the accident occurred.

*Id.* (*citing Ocean Accident & Guar. Corp. W. Southwest Bell Telephone Co.*, 100 F. 2d 441, 444 (8th Cir. 1939).

Plaintiff OOIDA has attempted to proceed with this *Motion to Dismiss* without providing Defendant Chahil a legal defense or even notice that this proceeding is going forth. Also, Defendant Chahil has not been served within the present action. In other words, Plaintiff OOIDA is attempting to remove coverage from Defendant Chahil before he has any knowledge that his coverage through the present proceedings is being determined. Utah and California law determines that an insurer's duty to defend arises when there is potential liability under the insured's policy. *Sharon Steel*, 931 P.2d at 133; *Benjamin*, 2006 UT 37, ¶16; *Baek*, 178 Cal. Rptr. 3d at 629. Federal law identifies that an insurance company has a duty to defend after a

suit has been filed and before liability is determined. *In re Baird*, 567 F.3d 1207 at 1214. In the present matter, Utah, California, and Federal law provides that Plaintiff OOIDA has a duty to defend Defendant Chahil before liability is determined. Therefore, Defendant Bhangal's First Counterclaim within the *Answer* clearly states a claim as a matter of law. *See Answer to Complaint*, 9-10 (attached as Ex. D).

### B. Defendant Bhangal has Dual Capacity as a First and Third Party to the Insurance Policy in Question and May Raise Claims Directly Against Plaintiff OOIDA, and it is Appropriate that Defendant Bhangal be Provided Opportunity to Perform Discovery Before Addressing these Claims.

Defendant Bhangal has a dual capacity under the insurance contract as both a first and third party to the contract, which allows Defendant Bhangal to raise his own claims directly against Plaintiff OOIDA. Defendant Bhangal is a first party to the insurance contract as he is listed as an insured on the contract. *Insurance Contract*, 1 (attached as Ex. C). As such, the Second and Third Counterclaims found in Defendant Bhangal's *Answer* before this Court should not be dismissed as Defendant Bhangal has first party claims directly against Plaintiff OOIDA.

Further, by virtue of naming and serving Defendant Bhangal, Plaintiff OOIDA has indicated that Defendant Bhangal is a proper party in this matter. It is proper for Plaintiff OOIDA to have done this whether Defendant Bhangal is a first-party insured or a third-party injured person. This proposition has been held by several courts. For example, a federal district court in Texas held that "because the [injured parties] derive their right, if any, to collect insurance proceeds directly from the rights of [the insured], they are deemed to be in privity by virtue of their shared legal interest." *Nat'l Am. Ins. Co. v. Breaux*, 368 F.Supp.2d 604, 621

(E.D.Tex. 2005). A federal district court in Illinois reached the same conclusion: "if the declaratory judgment action is filed . . . by the *insurer* or involves a determination of insurance coverage or both, then the underlying claimant is considered a necessary party." *Georgia-Pacific Corp. v. Sentry Select Ins. Co.*, 2006 WL 1525678 at *6 (S.D. Ill. 2006). Because Defendant Bhangal has been joined as a party, he is *required* or at least entitled to bring any pertinent counter-claims under rule 13 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 13(a)(1).

Moreover, Defendant Bhangal is entitled to ask this Court for declaratory relief under both federal and state statute – both of which allow any party with an "interest" to seek declaratory action. 28 U.S.C. § 2201(a) (allowing federal court to declare legal rights "of any interested party"); Utah Code § 78B-6-403(1) (allowing Utah courts to declare legal rights of "all persons . . . who have or claim any interest which would be affected by the declaration"); *Id.* § 78B-6-408 (allowing persons with an interest in a written contract, or whose rights are affected by a contract, to request declaratory action).

Defendant Bhangal is also an innocent third party apart from those that contracted for the insurance contract as he was off-duty and sleeping in the sleeping cab of the truck when Defendant Chahil caused the truck to turn over. The Worker's Compensation Fund has not provided Defendant Bhangal any benefits. As such, Defendant Bhangal's personal injury claims against Defendant Chahil and Defendant A Group, Inc. are proper.

Plaintiff OOIDA refers to *Sperry v. Sperry* in addressing Defendant Bhangal's dual status, but the *Sperry* matter does not apply in the present determination regarding the Counterclaims in Defendant Bhangal's *Answer*. *See Answer to Complaint,* 9-10 (attached as Ex.

D). In *Sperry*, discovery had been performed and a determination of the status of the parties under the contract had been made before the Utah Supreme Court made its ruling. *See generally Sperry v. Sperry*, 1999 UT 101, ¶¶ 3-4, 11. Also, the insurer in *Sperry* was defending the tort feasor, which made the policy holder a third party claimant. In the present matter, no coverage has been extended, so Defendant Bhangal is not a third party at this time. Defendant Bhangal is a first party involved in a dispute with his own carrier, Plaintiff OOIDA. Since Plaintiff OOIDA has denied coverage and is not defending Defendant Chahil, Defendant Bhangal is still a first party. He will become a third party when coverage is extended because he will be adverse at that point. As such, *Sperry* should not be applied to the present matter concerning the application of Utah law.

Also the *Sperry* case addresses the duties of good faith and fair dealings that an insurance company owes to parties when determining whether the bad faith claims should be dismissed when the policy holder is an adverse third party. *Sperry*, 1999 UT 101, ¶11. In the present matter, Plaintiff OOIDA has refused to defend Defendant Bhangal, so Defendant Bhangal is not adverse and is still a first party policy holder.

California law, and other applicable law in this matter, may treat the issue of Defendant Bhangal's dual capacity under the contract very differently than Utah law. The California cases cited by Plaintiff OOIDA do not address the issue of dual capacity of a party under an insurance contract, and no authority from California has been cited as to dual capacity. The issue of dual capacity of an insured party under an insurance contract has yet to be clearly addressed in California.

### III. DIVERSITY JURISDICTION APPLIES TO DEFENDANT BHANGAL'S COUNTERCLAIMS, PURSUANT TO 28 U.S. §1332, AS THE CONTROVERSY EXCEEDS $75,000.00 AND BECAUSE DIVERSITY CITIZENSHIP EXISTS BETWEEN THE PARTIES.

Diversity jurisdiction exists concerning Defendant Bhangal's First and Second Counterclaims as Plaintiff OOIDA and the defendants are citizens of different states. 28 U.S. §1332 identifies that "[d]istrict courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests of costs, and is between (1) citizens of different states." 28 U.S.C.A. §1332 (a)(1). In the present matter, this District Court has original jurisdiction over all of Defendant Bhangal's Counterclaims against Plaintiff OOIDA as the amount in controversy exceeds $75,000.00 and as Plaintiff OOIDA is a citizen of Vermont while the Defendants are citizens of California.

Also, Plaintiff Bhangal asserts that Plaintiff OOIDA filed its Complaint in Federal District Court in an effort to forum shop as Defendant Bhangal already filed a request for a declaratory judgment in State Court. *Defendant Bhangal's Complaint*, ¶ 45 (attached as Ex. A). Plaintiff OOIDA represented to Judge Lyman that he filed the *Complaint* in Federal Court because of the "Collateral Source," and provided no explanation why the *Complaint* should be filed in Federal Court because of the Collateral Source Doctrine. *Transcript of Motion Hearing on 6/9/14*, 19-20 (attached as Ex. B). The Collateral Source Doctrine is not relevant and it is not a justification to forum shop.

Defendant Bhangal asserts that his request for a declaratory judgment has not been litigated, discussed or ruled upon on its merits since Defendant Bhangals request was dismissed

17

without prejudice before discovery had commenced. Defendant Bhangal asserts that this Court should refer the entire case back to State Court where all claims involving this matter, including Defendant Bhangal's personal injury claims, could be in front of one court. As is, Plaintiff OOIDA has attempted to split the action between two courts, which works against judicial economy and common sense.

## CONCLUSION

Plaintiff OOIDA is also attempting to restrict Defendant Bhangal from raising claims against his insurance company, who is attempting to deny him coverage, which claims are not barred by claims preclusion as these claims apply directly to the present situation before this Federal District Court. All the while, Plaintiff OOIDA has refused to represent Defendant Chahil and A Group, Inc., which is in violation of Plaintiff OOIDA's duty to defend. In fact, Defendant Bhangal asserts that within these current proceedings before this Court in deciding Plaintiff OOIDA's *Motion to Dismiss*, Plaintiff OOIDA is breaching its duty to defend Defendant Chahil and the related reservation of rights, which are both found within the insurance contract in question. In Plaintiff OOIDA's attempt to forum shop, it has separated Defendant Bhangal's personal injury action into two cases, which works against judicial efficiency and common sense. Based on the aforementioned arguments, Defendant Bhangal requests that this Court DENY Plaintiff OOIDA's *Motion to Dismiss* and grant an injunction against Plaintiff OOIDA ordering it to abide by its duty to defend Defendant Chahil. Defendant Bhangal also requests that this Court refer the entire case back to State Court where all claims involving this

matter may be addressed by one Court, which greatly improves judicial efficiency and would simplify an already complicated case.

DATED this 20th day of November, 2014.

                                  ROBERT J. DEBRY AND ASSOCIATES

                                  /s/ Bryce W. Kartchner
                                  George T. Waddoups
                                  Riley T. Waddoups
                                  Bryce W. Kartchner

                                  Albert W. Gray
                                  SMITH & GLAUSER

                                  *Attorneys for Defendant Baljinder Bhangal*

Doc# 125