IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| OOIDA RISK RETENTION GROUP,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>BALJINDER BHANGAL; DEVINDER S. CHAHIL; and A GROUP,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:14-cv-00168-TC |

On June 2, 2012, Devinder Chahil was driving a semi-truck owned by his employer, A Group, Inc., when he allegedly lost control of the truck, which resulted in a rollover accident. Baljinder Bhangal owns A Group and was a passenger in the truck at the time of the accident. Seeking to recover for injuries he sustained in the accident, Mr. Bhangal sued in the Fifth Judicial District Court in Beaver, Utah, asserting five claims against Mr. Chahil, A Group, and A Group's insurer, OOIDA Risk Retention Group, Inc. (OOIDA). In his first, second and third causes of action, Mr. Bhangal alleged negligence against Mr. Chahil, vicarious liability against A Group, and negligent hiring against A Group. In his fourth and fifth causes of action, Mr. Bhangal claimed that by denying coverage for the accident, OOIDA had breached the insurance policy and breached the implied covenant of good faith and fair dealing.

In response to Mr. Bhangal's complaint, OOIDA filed a motion to dismiss for failure to state a claim, arguing that Mr. Bhangal "may not directly sue his tortfeasor's liability insurer (OOIDA) for breach of contract or bad faith." (Mem. in Supp. of Mot. to Dismiss and to Stay

Proceedings at 10, Dkt. No. 10-2.)  The Fifth District court agreed and dismissed the claims against OOIDA.  In addition, the court stayed the remainder of the case to allow OOIDA to pursue this declaratory judgment action.  (Fifth District Order at 2, Dkt. No. 10-3.)

In response to OOIDA's complaint in this case, Mr. Bhangal filed a counterclaim in which he alleges three causes of action: first, OOIDA breached its duty under the insurance contract to provide legal counsel to Mr. Chahil in this case; second, OOIDA breached its contractual duties by denying coverage for the damage Mr. Bhangal sustained in the accident as a result of Mr. Chahil's and A Group's negligence; third, OOIDA breached its implied covenant of good faith and fair dealing by failing to cover Mr. Bhangal's damages.

Because Mr. Bhangal does not have standing to raise a claim on Mr. Chahil's behalf as he attempts to do in his first counterclaim, and because his second and third counterclaims are barred by the doctrine of claim preclusion, OOIDA's motion to dismiss is GRANTED.

## ANALYSIS

On a Rule 12(b)(6) motion to dismiss, the court accepts as true "all well-pleaded factual allegations" in the complaint, which are "viewed in the light most favorable to the nonmoving party."  Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  A complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### I.   Standing

As a threshold matter, Mr. Bhangal has failed to show that he has standing to bring his first counterclaim, which is based on OOIDA's failure to defend Mr. Chahil in this case.  The question of standing "involves both constitutional limitations on federal-court jurisdiction and

2

prudential limitations on its exercise." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).  To establish

constitutional standing under Article III, "the plaintiff must allege . . . personal injury by the

defendant that is likely to be redressed by the relief requested." <u>Hackford v. Babbitt</u>, 14 F.3d

1457, 1465 (10th Cir. 1994); <u>see also</u> <u>Warth</u>, 422 U.S. at 499 ("The Art. III judicial power exists

only to redress or otherwise to protect against injury to the complaining party, even though the

court's judgment may benefit others collaterally.").  Even when the plaintiff alleges a personal

injury that satisfies Article III, the United States Supreme Court "has held that the plaintiff

generally must assert his own legal rights and interests, and cannot rest his claim to relief on the

legal rights or interests of third parties." <u>Warth</u>, 422 U.S. at 499.

   In Mr. Bhangal's first counterclaim, he alleges that "Counterclaim Defendant OOIDA has

breached its duty to defend Counterclaim Defendant Chahil by not providing him counsel in this

proceeding before the Court."  (Answer to Compl. at 9, Dkt. No. 5.)  Mr. Bhangal also seeks an

injunction ordering OOIDA to defend Mr. Chahil by providing him legal counsel in this case.

(<u>Id.</u> at 10.)  To satisfy Article III, Mr. Bhangal must claim an injury to himself that will be

redressed by the relief he requests.  But Mr. Bhangal has not alleged that OOIDA injured him

personally in any way.  To show prudential standing, Mr. Bhangal must assert his own rights or

interests.  But Mr. Bhangal's first counterclaim is based on his assertion that OOIDA has violated

a duty owed to Mr. Chahil.  Although Mr. Bhangal alleges that OOIDA owed him a duty as the

policyholder, his claim relies exclusively on the duty to defend Mr. Chahil.  With no allegation of

a personal injury and with allegations resting solely on Mr. Chahil's rights under the insurance

policy, Mr. Bhangal's first counterclaim does not meet the requirements for either constitutional

or prudential standing.  As a result, the claim must be dismissed.

## II.    Claim Preclusion[1]

OOIDA argues that Mr. Bhangal's second and third counterclaims are barred by claim

preclusion, which applies if three requirements are satisfied:

> First, both cases must involve the same parties or their privies. Second, the claim that
> is alleged to be barred must have been presented in the first suit or must be one that
> could and should have been raised in the first action. Third, the first suit must have
> resulted in a final judgment on the merits.

Macris & Assocs., Inc. v. Neways, Inc., 2000 UT 93, ¶ 20, 16 P.3d 1214 (quotations omitted).[2]

The court agrees that these elements are met for Mr. Bhangal's second and third counterclaims.

First, both this case and the Fifth District case involve the same parties—OOIDA and Mr.

Bhangal.  In addition, Mr. Bhangal's second and third counterclaims were presented in his suit

against OOIDA in the Fifth District.  Although Mr. Bhangal provides his allegations in a

different sequence here, Mr. Bhangal relies on identical facts and asserts the same claims that

were dismissed by the Fifth District court.  Mack v. Utah State Dep't of Commerce, Div. of Sec.,

2009 UT 47, ¶ 30, 221 P.3d 194, 204 ("[I]f a party raises claims based on the same operative

facts or the same transaction, it may be precluded if the other elements of claim preclusion are

met.").  Finally, the Fifth District court dismissed Mr. Bhangal's claim against OOIDA under

Rule 12(b)(6) of the Utah Rules of Civil Procedure, which was a final judgment on the merits.

---

[1] While the parties dispute whether Utah or California law applies to the substantive
issues in this case, the court applies Utah law to determine the preclusive effect of a judgment
rendered by a Utah state court.  Amoco Prod. Co. v. Heimann, 904 F.2d 1405, 1417 (10th Cir.
1990) ("Federal courts must apply the law of the state rendering the judgment to determine its
collateral estoppel effect; we may not accord greater preclusive effect to a state court judgment
than would the state in which the judgment is rendered.").

[2] The requirements for claim preclusion are identical under Tenth Circuit precedent.  See,
e.g., Mitchell v. City of Moore, 218 F.3d 1190, 1202 (10th Cir. 2000).

Id. ¶ 29 ("[T]he district court action, which was resolved under Utah Rule of Civil Procedure

12(b)(6), resulted in a final judgment on the merits."); FDIC v. Paul, 735 F. Supp. 375, 380 (D.

Utah 1990) ("A motion to dismiss for failure to state a claim upon which relief can be granted is

a dismissal on the merits and is accorded res judicata effect." (quotations and alterations

omitted)).  With each element of claim preclusion satisfied, Mr. Bhangal is barred from re-

asserting his second and third counterclaims in this case.

Moreover, even if Mr. Bhangal had standing to bring his first counterclaim, he could have

raised the issues related to OOIDA's duty to defend in his state court case.  Because the claim

could have been raised in the previous state court proceeding, it is also barred by claim

preclusion. See Macris & Assocs., Inc., 2000 UT 93, ¶ 20 (claim preclusion bars claims

"presented in the first suit or . . . that could and should have been raised in the first action").[3]

## ORDER

For the foregoing reasons, the Motion to Dismiss or, in the Alternative, Stay Proceedings

for Failure to State a Claim, Upon Abstention Doctrines, and for Lack of Jurisdiction (Dkt. No.

10) is GRANTED.  Mr. Bhangal's counterclaim is dismissed in its entirety with prejudice.

DATED this 2nd day of April, 2015.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge

---

[3] Because Mr. Bhangal's counterclaims must be dismissed for lack of standing and under
the doctrine of claim preclusion, the court declines to address the remaining issues raised by the
parties in their briefing.

5