IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| OOIDA RISK RETENTION GROUP, INC., <br><br> Plaintiff, <br> v. <br><br> BALJINDER BHANGAL, DEVINDER S. CHAHIL, A GROUP, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SERVICE BY PUBLICATION <br><br> Case No. 2:14-cv-168 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Brooke Wells |

This matter is before the court on Plaintiff's Motion for Leave to Permit Alternative Service of Defendant Devinder S. Chahil.[1]  For the reasons discussed below, the court GRANTS the motion.

BACKGROUND

Plaintiff is an insurance company to Defendant A Group, Inc.  This case concerns whether or not Plaintiff has a duty to defend or indemnify Chahil and or A Group for damages allegedly incurred by Defendant Bhangal.  These damages allegedly arose from a trucking accident on June 2, 2012, which took place approximately 17 miles north of Beaver, Utah on Interstate 15.[2]

According to Plaintiff, efforts to locate and personally serve Defendant Chahil "have been exhaustive, expensive, and seem to have finally stopped yielding any reasonable leads on his location."[3]  Defendant Bhangal initially indicated he would not oppose Plaintiff's motion, but

---

[1] Docket no. 47.

[2] Complaint ¶ 7, docket no. 2.

[3] Mtn. p. 2, docket no. 47.

that position changed and he has filed an objection to the motion to serve Chahil by alternative

means.

DISCUSSION

Under Fed.R.Civ.P. 4(e)(1), the court may allow service of process as permitted by Utah

law.   In accordance with Rule 4(d)(4)(a) of the Utah Rules of Civil Procedure, Utah law

provides:

> Where the identity or whereabouts of the person to be served are unknown and
> cannot be ascertained through reasonable diligence, where service upon all of the
> individual parties is impracticable under the circumstances, or where there exists
> good cause to believe that the person to be served is avoiding service of process,
> the party seeking service of process may file a motion supported by affidavit
> requesting an order allowing service by publication or by some other means.  The
> supporting affidavit shall set forth the efforts made to identify, locate or serve the
> party to be served, or the circumstances which make it impracticable to serve all
> of the individual parties.[4]
>
> Under this rule, litigants may not resort to service by publication until they have
> first undertaken reasonably diligent efforts to locate the party to be served.  This
> reasonable diligence requirement arises from constitutional due process rights and
> the recognition that publication alone is generally not a reliable means of
> informing interested parties that their rights are at issue before the court.[5]

"A determination of reasonable diligence thus properly focuses on the plaintiff's efforts to

locate the defendant.  Relevant factors may include the number of potential defendants involved,

the projected expense of searching for them, and the number and type of sources of available

information regarding their possible whereabouts . . . . "[6]  This "reasonable diligence standard

does not require a plaintiff to exhaust all possibilities to locate and serve a defendant.  It does,

however, require more than perfunctory performance."[7]

---

[4] Utah R. Civ. P. 4(d)(4)(A).

[5] *Jackson Const. Co., Inc. v. Marrs*, 2004 UT 89, 100 P.3d 1211, 1215 (Utah 2004) (citation omitted).

[6] *Id.* at 1216.

[7] *Id.* at 1217 (internal quotations and citations omitted).

The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought . . . . [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[8]

To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard. In a case such as this, involving out-of-state defendants, a plaintiff might attempt to locate the defendants by checking telephone directories and public records, contacting former neighbors, or engaging in other actions suggested by the particular circumstances of the case. Advances in technology, such as the Internet, have made even nationwide searches for known individuals relatively quick and inexpensive.[9]

Here the court finds that Plaintiff has met its burden of taking reasonably diligent efforts to serve Defendant Chahil. Plaintiff has hired more than one private investigator. Multiple attempts to serve Defendant have been undertaken and methods such as surveillance have been employed. All attempts have proven futile. Defendant Bhangal argues that through its investigation it appears Chahil has returned to India so service by publication in California will not be sufficient. The court does not believe the diligence standard requires Plaintiff to try and locate Chahil in India, a country of over one billion people, especially since Bhangal fails to substantiate his assertion by way of affidavit or other evidence. Moreover, Plaintiff's investigation has discovered a Facebook page believed to belong to Chahil. So, the use of

---

[8] *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 *Utah 1950) (Wolfe, J., concurring).

[9] *Jackson Constr.*, 100 P.3d at 1217.

Facebook's private email to contact Chahil may not only result in him knowing about this case but it also helps resolve due process concerns about service.

The court finds that service by both publication and email is reasonably calculated to give actual notice of this action to Chahil.  Therefore, the court will grant Plaintiff's Motion for Alternative Service.

## CONCLUSION

It is therefore ORDERED that Plaintiff's Motion for Leave to Permit Alternative Service of Defendant Devinder S. Chahil is GRANTED.

Plaintiff is directed to serve Chahill by the proposed means, including via email, within thirty (30) days from the date of this order.  Such service where practicable is to include a copy of this Order in addition to a copy of the Complaint and summons.

DATED this 5 May 2016.

Brooke C. Wells
United States Magistrate Judge